IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
THOMAS WOODS,                  )
                               )
     Plaintiff,                )
                               ) Civil Action No. 06-757
          v.                   ) District Judge Nora Barry Fischer
                               )
SGT. ABRAMS, et al.,           )
                               )
     Defendants.               )
                               )
                               )
```

**MEMORANDUM ORDER**

The above captioned case was initiated on June 9, 2006, when Defendants removed the action from the Court of Common Pleas of Allegheny County (doc. no. 1). It was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation (doc. no. 35), filed on August 29, 2007, recommended that Defendants' Motion for Summary Judgment (doc. no. 26) be granted with the exception of Plaintiff's First Amendment retaliation claim that Defendant Orpen conducted a retaliatory cell search on June 3, 2002, and Plaintiff's Eighth Amendment claim of excessive force by Defendant Orpen on June 4, 2002. It further recommended that Plaintiff's Motion for Judgment on the Pleadings (doc. no. 34) be denied. In addition, the Report and Recommendation noted that

1

Plaintiff's state law claims remained pending as Defendants did not move for dismissal of those claims.  The parties were served with the Report and Recommendation and advised that they were allowed until September 17, 2007 to file written objections.  Defendants filed Objections on August 31, 2007 (doc. no. 36).

In their first objection, Defendants assert that "the Report and Recommendation inaccurately and incorrectly states that defendants did not move for dismissal of plaintiff's state law claims."  In so arguing, Defendants state that this argument is made beginning at page 5.  However, page 5 is part of Defendants' "Statement of the Case" and merely sets forth Plaintiff's claims.  Defendants' "Argument" is set forth after this section.

Specifically, Defendants argued on page 8 of their Brief and footnote 4 as follows.

> It is indisputable that all the Corrections defendants here are "Commonwealth parties."  It would seem Woods' claims that his treatment by certain of the defendants amounted to intentional infliction of emotional distress. All the state torts that are conceivably claimed instantly are intentional ones. Sovereign immunity has not been waived for intentional torts alleged to have been perpetrated by Commonwealth parties acting within "the scope of their employment."4
>
> 4. This concept is broadly defined. <u>Brumfeld v. Saunders</u>, 232 F.3d 376, 380 (3d Cir. 2000). Furthermore, assuming in arguendo that the provisions of the Pennsylvania Constitution's Declaration of Rights embody a private right of action, although the latest view of the

>   state courts is that they do not, they would still sound in intentional tort and hence be subject to the bar of sovereign immunity. Jones v. City of Phila., ___ A.2d ___ 2005 WL 3695389 (Pa. Cmwlth. 2006); Agresta v. Goode, 898 F.Supp. 399 (E.D.Pa. 1992) at 409; Jrizarry v. Com. of Pa., PennDOT, 1999 WL 269917 (E.D.Pa.).

Reviewing the docket in this case, the Defendants did not file a motion to dismiss. Rather, in their Motion for Summary Judgment they seek dismissal of Plaintiff's state law claims under Federal Rules of Civil Procedure 12(c) and 12(b)(6) (Defendants' Brief, doc. no. 27, p. 5-6). It is the Defendants' burden to show that they are entitled to dismissal of the described claims. Initially, Defendants failed to cite the applicable law in their Brief. Instead, they referred to some citations in a footnote that did not adequately address their argument or the facts. Such briefing did not meet their burden of moving for dismissal of the state law claims on the basis of sovereign immunity.

It is well settled that Commonwealth parties are immune from suit for those actions taken within the scope of their duties, except in those instances in which that immunity has been specifically waived. The relevant law provides as follows.

>   Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain

3

>     immune from suit except as the General
>     Assembly shall specifically waive the
>     immunity. . . .

Pa. Cons. Stat. Ann. § 2310.

Here, Woods claims that Defendant Orpen beat him while he was handcuffed posing no threat to security. Plaintiff submitted affidavits from other prisoners supporting his allegations. In their Brief in Support of Summary Judgment, Defendants did not show, as a matter of law, that such activity would be considered within the scope of Orpen's duties as a correctional officer.

Now, in their Objections, Defendants assert relevant law in support of their argument that Defendant Orpen is entitled to sovereign immunity in that his actions should be construed as being within the scope of his employment. *See* Objections, pp. 4-5 (doc. no. 36). Defendants are represented by experienced lawyers who should have included this legal analysis of their sovereign immunity argument in their initial Brief in Support of Summary Judgment. Notwithstanding, based on the law cited in Defendants' Objections, the Court is persuaded that Plaintiff's state law claims should be dismissed. An appropriate order follows.

Defendants' next objection is that the court should dismiss the retaliatory cell search claim because it does not amount to a cognizable cause of action under section 1983. In support, Defendants assert that, because a prisoner never has a Fourth Amendment reasonable expectation of privacy in his prison

cell, a prison cell search cannot be "illegal."  In support of their assertion, they cite to a case from the Southern District of New York, <u>Salahuddin v. Mead</u>, 2002 WL 1968329, *3 (S.D.N.Y.) (S.D.N.Y. 2002), again, not cited in their Brief in Support of Summary Judgment.  That case involved a general facility search of an inmate's cell where the Defendant instructed a subordinate to pay special attention to the plaintiff's cell, books were found in the cell that were beyond the 25-book limit set by the facility, and plaintiff was forced to send those books home.  The District Court concluded that, to the extent that any retaliatory act took place, it amounted only to an especially thorough search of plaintiff's cell followed by the enforcement of a preexisting regulation.

The facts at bar are much different.  Plaintiff alleges that Defendant Orpen placed illegal contraband in his cell for which he was issued a misconduct and received disciplinary time.  As recognized by the Court in <u>Salahuddin</u>, such action is a sufficient adverse action to support a retaliation claim.

> These alleged harms are quite unlike the harms that courts in this circuit have identified as legally sufficient for retaliation actions. *See, e. g.*, <u>Morales</u> 278 F.3d at 131-32 (allegation that plaintiff was transferred to a psychiatric facility in retaliation for filing a sexual harassment grievance against defendant); <u>Graham</u>, 89 F.3d at 80-81 (allegation that defendants filed false misbehavior reports against plaintiff in retaliation for his leadership in filing a grievance to protest the removal of workshop

5

> showers); **Colon v. Coughlin, 58 F.3d 865, 872-73 (2d Cir. 1995) (allegation that defendant planted contraband in his cell in retaliation for plaintiff's filing two lawsuits against the facility);** Jones v. Coughlin, 45 F.3d 677, 680 (2d Cir. 1995) (allegation that defendants, in retaliation for plaintiff's filing administrative complaint, filed a false misbehavior report that led to 120 days of punitive segregation); . . . .
>
> In each of these cases, the alleged retaliatory conduct was specifically directed at plaintiffs and substantial enough to deter legitimate grievances against prison officers.

Salahuddin v. Mead, 2002 WL 1968329, at *4 -5 (S.D.N.Y. 2002) (emphasis added). In fact, in Colon v. Coughlin, 58 F.3d 865, 872-73 (2d Cir. 1995) the Court of Appeals for the Second Circuit determined that there was a fact issue as to whether prison officials had framed the prisoner for contraband violations in retaliation for his prior lawsuits thus precluding Defendants' summary judgment motion.

Finally, contrary to Defendants' assertion, the finding of guilt for the misconduct for possession of contraband does not negate the third element of Plaintiff's retaliation claim because Plaintiff asserts that the contraband was planted by Defendant Orpen. Consequently, Defendants' second objection is overruled.

Defendants' third objection is as follows.

> THE SOLE REMAINING OSTENSIBLE "DEFENDANT' ORPEN IS NOT A NAMED DEFENDANT IN THIS ACTION AND HAS NEVER BEEN A NAMED DEFENDANT IN THIS ACTION AND IT IS TOO LATE FOR THE COMPLAINT TO BE AMENDED TO ADD HIM AS A DEFENDANT UNDER THE

6

LAW.

Objections, p. 6. The Court is more than stymied by this Objection as Correctional Officer Josh "Orpin" is the fifth named Defendant in the caption of the Complaint removed to this Court by Defendants. *See* doc. no. 1, attachment 2, Exhibit A. He is further identified at Paragraph 4 and thereafter allegations are made against him. Accordingly, this objection also is overruled.

After review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections thereto, the following order is entered:

**AND NOW**, this 27th day of September, 2007;

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (doc. no. 26) is **GRANTED WITH THE EXCEPTION** of Plaintiff's First Amendment retaliation claim that Defendant Orpen conducted a retaliatory cell search on June 3, 2002, and Plaintiff's Eighth Amendment claim of excessive force by Defendant Orpen on June 4, 2002.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (doc. no. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (doc. no. 35) of Magistrate Judge Lenihan, dated August 29, 2007, is **ADOPTED** as the opinion of the court as **SUPPLEMENTED** by the

Memorandum Order set forth above.

                                                /s/ Nora Barry Fischer
                                                Nora Barry Fischer
                                                United States District Judge

cc:      Lisa Pupo Lenihan
           United States Magistrate Judge

           Thomas E. Woods
           DE-4522
           SCI-Camp Hill
           PO Box 200
           Camp Hill, PA 17001-0200

           Counsel of Record