# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS E. WOODS,** | ) | Civil Action. 06-757 |
| | ) | |
| **Plaintiff,** | ) | Magistrate Judge Lenihan |
| | ) | |
| **SGT. ABRAMS, et. al.,** | ) | Re: Doc. No. 72 |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM ORDER

Defendants move <u>in limine</u> to exclude the expert medical opinion of Dr. Michael Levine, M.D., for the following reasons:

1. The expert opinion is not expressed in the appropriate medical or factual terms and therefore is not helpful to the jury;

2. It is not based upon a differential diagnosis; and

3. Dr. Levine was not Plaintiff's treating physician.

(Doc. No. 72.)

Under the Federal Rules of Evidence, the trial judge assumes the role of "gatekeeper" to ensure that expert testimony or evidence is relevant and reliable. <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 589 (1993). There is a strong preference for admissibility of expert testimony pursuant to Federal Rule of Evidence 702. <u>Holbrook v. Lykes Bros. S.S. Co.</u>, 80 F.3d 777, 780 (3d Cir. 1996).

The three main requirements under Rule 702 are: 1) the proffered witness must be an expert; 2) the expert must testify about matters requiring scientific, technical or specialized knowledge; and 3) the expert's testimony must assist the trier of fact. See <u>In re Paoli R.R. Yard PCB Litig.</u>, 35 F.3d 717, 741-43 (3d Cir. 1994).

Here, the Defendants' attacks focus on the last two requirements. As to the second requirement, the United States Court of Appeals for the Third Circuit has concluded that "an expert's testimony is admissible so long as the process or technique the expert used in formulating the opinion is reliable." Id. at 742 (citing Daubert, 509 U.S. at 589). The Third Circuit has indicated that for the testimony to be reliable, it must be based on the "methods and procedures of science," and not on "subjective belief or unsupported speculation." Paoli, 35 F.3d at 744. The Court, in considering admissibility, must focus on the methods and reasoning of the expert. See Paoli, 35 F.3d at 743-46. Regarding whether the testimony assists the trier of fact, there must be a connection between "the scientific research or test result to be presented and particular disputed factual issues in the case." Id. at 743. That is, the testimony aids the jury in reaching its conclusions. Id. at 745.

Here, Dr. Levine's testimony is admissible under Federal Rule of Evidence 702. Although Dr. Levine's report states that it is "very unlikely" or "highly unlikely" that Plaintiff was injured by a fall while doing pushups in his cell, Dr. Levine's testimony is expressed with sufficient medical certainty. As Defendants acknowledge at Doc. No. 78 at 1-2, the Third Circuit has stated that the phrase "a reasonable degree of medical certainty," is not required. Holbrook, 80 F.3d at 785. Instead, the court should look to the opinion's substance and determine whether it bears "sufficient certainty so as to make a medical judgment." Schulz v. Celotex Corp., 942 F.2d 204, 209 (3d Cir. 1991).

Likewise, Dr. Levine's testimony is reliable. He is an orthopedic surgeon, and as such, possesses specific expertise in the area of physical injuries. Although he did not physically examine the Plaintiff, he did review all the medical records relating to the events in issue in this

case. The case law is clear that an expert witness need not personally examine a plaintiff, and that an examination of the pertinent medical records is "perfectly acceptable." Kannankeril v. Terminix Int'l, Inc., 128 F.3d 802, 807 (3d Cir. 1997) (citing Paoli, 35 F.3d at 762).

Moreover, because Dr. Levine's report is based upon his review of the pertinent medical records, and a consideration of three possible causes of Plaintiff's injuries (a fall, a push-up accident, or an assault) (Doc. No. 78-2 at 2), Dr. Levine properly employed the diagnostic technique known as differential diagnosis. Differential diagnosis is defined as "the determination of which of two or more diseases with similar symptoms is the one from which the patient is suffering, by a systematic comparison and contrasting of the clinical findings." Stedman's Medical Dictionary 531 (28th ed. 2006). Differential diagnosis may consist of taking medical histories, performing physical examinations, and reviewing results of clinical tests; however, not all of these techniques must be used to render a physician's diagnosis reliable. See Paoli, 35 F.3d at 759. Consequently, Dr. Levine's reliance on examinations and tests performed by others does not render his conclusions unreliable.

In conclusion, Defendants will have the opportunity for vigorous cross-examination at trial, and the opportunity to present contrary evidence via their own expert witness. In fact, many of Defendants' objections appear to go to the weight of the testimony rather than its admissibility. But under the standards discussed above and the Court's application of Federal Rule of Evidence 702, Defendants' Motion in Limine to exclude Dr. Levine's testimony must be denied.

**AND NOW**, this 17th day of November, 2008;

**IT IS HEREBY ORDERED THAT** Defendants' Motion in Limine (Doc. No. 72) is **DENIED.**

_____
Lisa Pupo Lenihan
United States Magistrate Judge

All counsel record
Via electronic filing